IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICIA LOPEZ, | ) | 2:09-CV-02340-JAM-KJN |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES |
| | ) | |
| v. | ) | |
| WACHOVIA MORTGAGE; WORLD SAVINGS BANK FSB; ETS SERVICES, LLC; MAESTRE HOME LOANS; DANNY MAESTRE; AND DOES 1-20 inclusive, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Wachovia Mortgage, FSB's ("Defendant's") Motion for Award of Attorneys' Fees (Doc. No. 36) from Plaintiff Patricia Lopez (Plaintiff). The motion for attorneys' fees is brought pursuant to California Code of Civil Procedure (CCP) Section 1033.5(a)(10)(A) which

permits recovery of attorney fees as costs when authorized by contract. Plaintiff opposes the motion.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began her lawsuit against Defendant by filing a Complaint in this Court on August 21, 2009. (Doc. No. 1). Defendant thereafter brought a Motion to Dismiss the Complaint. (Doc. No. 9). Before the motion could be heard, Plaintiff filed a First Amended Complaint ("FAC") (Doc. No. 14), which was substantially identical to the original Complaint. The filing of the FAC caused Defendant's motion to be vacated. Accordingly, Defendant then brought a Motion to Dismiss the FAC. (Doc. No. 16). Plaintiff did not file either an opposition to the motion, or a statement of non-opposition, in violation of the Local Rules. The Court granted Defendant's unopposed motion to dismiss. The Court also held a show cause hearing, at which Plaintiff's counsel was sanctioned for failing to comply with the local rules, and ordered to inform her client and her contractor of the Court's sanctions.

On February 18, 2010 this Court entered judgment dismissing Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, with prejudice pursuant to FRCP 12(b)(6). (Doc. No. 31). The judgment states that FSB shall be entitled to their costs,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 23(g).

including attorneys' fees, in a sum according to a motion for such fees and costs.

On March 1, 2010 Plaintiff filed a Notice of Voluntary Dismissal pursuant to FRCP 41(a)(1)(I) as to the remaining Defendants. (Doc. No. 32). On April 5, 2010 Plaintiff re-filed this matter against Defendant, Wachovia, et al., in Sacramento County Superior Court, Case No. 34-2010-00074531.

Defendant filed this motion on March 15, 2010 arguing: (1) attorneys' fees are recoverable under the Promissory Note ("Note") and Deed of Trust ("DOT"); (2) the fee clauses are applicable to, and encompass, Plaintiff's claims; and (3) Defendant's attorneys' fees are reasonable.

Plaintiff opposes this motion (Doc. No. 38), arguing: (1) Defendant's motion is untimely and barred under FRCP 54(d)(2); and (2) Defendant is not a "prevailing party" for the purposes of California Civil Code (CCC) section 1717. Plaintiff also contends that Defendant has failed to substantiate its fee requests. However, Plaintiff does not bring any specific substantive challenges to Defendant's request, nor does she support her general allegations. For the reasons set forth below, Defendant's motion for attorneys' fees is GRANTED.

II.   OPINION

A.  Legal Standard

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto . . . should be followed." Avery v. Management, 568 F.3d 1018, 1023 (9th Cir. 2009)(citing MRO Communications, Inc. v. AT&T Co., 197 F.3d 1276, 1281 (9th Cir. 1999) (holding state law controls entitlement to attorney's fees if the district court exercises subject matter jurisdiction over a state law claim)). This Court exercised subject matter jurisdiction in dismissing all of Plaintiff's claims. Therefore, California law supplies the rules of decision in this matter.

Moreover, "[s]tate law controls both the award and the reasonableness of fees awarded where state law supplies the rule of decision. California Code of Civil Procedure section 1033.5(a)(1) permits recovery of attorney fees when authorized by contract. . . . California Civil Code section 1717(a) addresses recovery of attorney fees in contract actions and provides:

    In any action on a contract, where the contract
    specifically provides that attorney's fees and costs, which
    are incurred to enforce that contract, shall be awarded

either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." <u>Whittle v. Wells Fargo Bank</u>, 2009 WL 1854110, at **3-4 (E.D. Cal. May 6, 2010) (internal citations omitted).

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree." <u>U.S. v. Milner</u>, 583 F.3d 1174, 1196 (9th Cir. 2009) (<u>citing</u> <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.")). An involuntary dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits." Fed. R. Civ. P. ("FRCP") 41.

A dismissal with prejudice materially alters the legal relationship of the parties because the defendant does not remain subject to the risk that the Plaintiff will re-file. <u>See</u> <u>U.S. v. Milner</u>, 583 F.3d 1174, 1196 (9th Cir. 2009) (concluding that Defendants did not prevail because Plaintiff's claims were dismissed without prejudice and thus Defendants were still

subject to the risk of re-filing). See also Avery v. First
Resolution Management Corp., 568 F.3d 1018, 1024 (9th Cir.
2009). This Court entered judgment dismissing with prejudice all
claims against Defendant for failure to state a claim, not for
lack of subject matter jurisdiction. Thus, Defendant received an
enforceable judgment on the merits which materially altered the
legal rights of the parties. Accordingly, the Court finds that
Defendant is the prevailing party and is entitled to attorneys'
fees.

This Court's Local Rule 293(a) provides that "motions for
awards of attorneys' fees to prevailing parties pursuant to
statute shall be filed not later than twenty-eight (28) days
after entry of final judgment." (E.D. Cal. L.R. 293(a)). "These
Rules govern all actions in the United States District Court for
the Eastern District of California. . . ." (E.D. Cal. L.R.
102(a)). Thus, the applicable filing deadline is twenty-eight
(28) days after entry of judgment.

The final judgment in this matter was entered on February
18, 2010. This motion was filed on March 15, 2010, the twenty-
fifth day after entry of judgment. Therefore, the Court finds
that this motion was timely.

Lastly, the Court takes judicial notice of the contracts
that provide for attorneys' fees and costs (the DOT and the
Note), as requested.

B.   Scope of Attorneys' Fees Provisions

     Defendant argues that both the Note and the DOT authorize

the recovery of attorneys' fees. The Note provides at paragraph

7(E):

          "The Lender will have the right to be paid back by me

          for all its costs and expenses in enforcing this Note

          to the extent not prohibited by applicable law. Those

          expenses may include, for example, reasonable

          attorneys' fees and court costs."

The DOT provides at Covenants paragraph 7:

          "If: (A) I do not keep my promises and agreements made

          in this Security Instrument, or (B) someone, including

          me, begins a legal proceeding that may significantly

          affect Lender's rights in the Property (including but

          not limited to any manner of legal proceeding in

          bankruptcy, in probate, for condemnation or to enforce

          laws or regulations), then Lender may do and pay for

          whatever it deems reasonable or appropriate to protect

          the Lender's rights in the Property.

Lender's actions may include, without limitation,

appearing in court, paying reasonable attorneys' fees

. . .

I will pay to Lender any amounts which Lender advances

under this Paragraph 7 with interest, at the interest

rate in effect under the Secured Notes."

Defendant contends that Plaintiff's FAC "significantly" affects Defendant's interest in the property, given allegations seeking injunctive relief to halt foreclosure and collection, thereby invoking the DOT's attorneys' fees provisions. Furthermore, throughout the FAC Plaintiff attacks the validity and enforceability of the Note. In her opposition, Plaintiff complains that the motion fails to allege which fees were within the scope of the attorneys' fees provisions of the Note and DOT. However, Plaintiff fails to identify specific fees that are not within the scope of the provisions.

"Where a cause of action based on the contract providing

for attorney's fees is joined with other causes of action

beyond the contract, the prevailing party may recover

attorney's fees under [Cal. Civ. Code § 1717] only as they

relate to the contract action. However, attorney's fees

need not be apportioned when incurred for representation on

an issue common to both a cause of action in which fees are

proper and one in which they are not allowed. For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. . . . Moreover, an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation." Whittle v. Wells Fargo Bank, N.A., 2010 WL 1444675, at * 3 (E.D. Cal. Apr. 12, 2010) (internal citations)).

All of the claims in the FAC challenge the validity or enforceability of the loan, and/or seek rescission of the loan, or otherwise significantly affect Defendant's rights in the property. "Here, the court could reasonably find that [Plaintiff's] various claims were 'inextricably intertwined', making it impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units." Id. (internal citations and quotation marks omitted). Thus, the DOT and Note's attorneys' fees provisions encompass the defense of all of Plaintiff's claims. Accordingly, the Court finds that Defendant is entitled to an award of attorneys' fees.

C.   Reasonableness of Attorneys' Fees

Defendant asserts that its $14,464 attorneys' fees are reasonable. Plaintiff's opposition fails to make any supported

substantive objections to the reasonableness of Defendant's

attorneys' fees. "The matter of reasonableness of attorney's

fees is within the sound discretion of the trial judge." <u>Stokus</u>

<u>v. Marsh</u>, 217 Cal.App.3d 647, 656 (1990).

> "In determining what constitutes a reasonable compensation
> for an attorney who has rendered services in connection
> with a legal proceeding, the court may and should consider
> the nature of the litigation, its difficulty, the amount
> involved, the skill required and the skill employed in
> handling the litigation, the attention given, the success
> of the attorney's efforts, his learning, his age, and his
> experience in the particular type of work demanded ...; the
> intricacies and importance of the litigation, the labor and
> necessity for skilled legal training and ability in trying
> the cause, and the time consumed." (<u>Alford v. Wachovia</u>

<u>Bank</u>, 2010 WL 1027821, at *3 (E.D. Cal. March 17, 2010)

(internal citations omitted).

The Court finds that Defendant's counsel's hourly rates

($320 and $280) are reasonable but the total time billed on this

case is excessive. First, the Court will reduce the requested

amount by $560 since Defendant included two (2) hours for a

hearing on this motion which did not occur. Second, the Court

finds that 6 hours (rather than 12 hours) is more reasonable

for the preparation of this motion in light of the fact that

Defendant's attorneys had previously filed a very similar motion to dismiss.  Accordingly, the court will further reduce Defendant's attorneys fee request by $1,680.

Given Plaintiff's apparent financial hardship, and Plaintiff's attorney's inappropriate behavior in this case, the Court finds that it would be unjust to order Plaintiff to pay Defendants' attorney's fees. After this Court entered judgment dismissing all of Plaintiff's claims against Defendant with prejudice, Plaintiff's attorney re-filed this case in State Court. It appears to the Court that Plaintiff's attorney is merely attempting to delay and needlessly prolong this litigation. However, it is inequitable to punish the Plaintiff for her attorney's wrongdoing. Therefore, the Court orders that Plaintiff shall not pay any part of the attorneys' fees in connection with this motion, directly or indirectly. The fees shall be paid by Sharon Lapin, Plaintiff's attorney of record, under California Code of Civil Procedure § 128.6, on the grounds that the filing of the FAC was frivolous and made solely for the purposes of delay. See Justo v. Indymac Bancorp, 2010 WL 623715 at *12 (C.D. Cal. Feb. 19, 2010). Section 128.6 requires notice and the opportunity to respond. Accordingly, the court hereby gives notice to Sharon Lapin that unless she shows good cause for filing the FAC (which was substantially identical to the original Complaint and whose dismissal she then did not oppose),

she is required to pay Defendants' attorney's fees awarded herein. Within ten (10) days of the date of this Order, Ms. Lapin is ordered to either pay Defendants' attorney's fees of $12,224, or submit a statement of good cause explaining why the filing of the FAC was not frivolous and not solely for the purpose of delay.

III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion for Award of Attorneys' Fees. Defendant is awarded attorneys' fees and costs in the amount of $12,224. Attorney Sharon Lapin is ordered to pay Defendant $12,224 in attorneys' fees, or submit a statement of good cause for the filing of the FAC, within ten (10) days of this Order.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE